## MUÑOZ *v.* EL CONSEJO EJECUTIVO DE PUERTO RICO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 46.—Resuelto en Octubre 28, 1904.

ELECCIONES—RENUNCIA DE CANDIDATOS—TÉRMINO EN QUE DEBE PRESENTARSE.—Un candidato á un puesto por elección popular, de cuya designación se haya librado el correspondiente certificado y se hubiere archivado en la Oficina del Secretario de Puerto Rico ,podrá presentar su renuncia·por escrito al Secretario, dentro de los tres días siguientes á· aquél en que se hubiere archivado el certificado de su designación, mas si transcurriere ese término sin haberla presentado, se entenderá caducado su derecho á renunciar, y si lo ejercitare posteriormente, la renuncia deberá ser desestimada.

### EXPOSICIÓN DEL CASO.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Diaz Navarro.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

El presente es un caso de "Injunction" promovido por Don Luis Muñoz Rivera ante la Corte de Distrito de San Juan, contra el Consejo Ejecutivo de Puerto Rico, para que se abstenga éste de imprimir en la papeleta del "Partido Demócrata" para las próximas elecciones el nombre del demandante como Candidato para *Resident Commissioner of Porto Rico in Washington,* y cuya pretensión le fué desesti-

mada por la referida Corte, en resolución de 20 del actual, contra la que apeló la representación de Muñoz Rivera para ante esta Corte Suprema.

Alegó el peticionario en la demanda jurada, que en 21 de Setiembre último se presentó en la Oficina del Secretario de Puerto Rico su designación, por el partido Demócrata, para Candidato á Comisionado Residente de Puerto Rico en Washington; que tal designación se le comunicó por cable, encontrándose en la Ciudad de New York; que manifestó por igual via, á varios amigos personales de esta ciudad, que no aceptaba dicha designación; y que en el primer vapor en que pudo salir del puerto de New York se embarcó para esta Isla con el próposito de hallarse en condiciones de pedir personalmente en la forma que la ley previene la exclusión de su nombre de la Candidatura para Comisionado en Washington, hábiendo llegado á esta Isla el dia seis del corriente mes y producido el dia ocho su renuncia ante el Hon. Secretario de Puerto Rico, sin que le fuera aceptada por el fundamento de oponerse á ello terminantemente la Ley Electoral vigente.

La sección 252 de los Estatutos Revisados de Puerto Rico que es el artículo 23 de la Ley Electoral citada dice así:

"Si algún candidato de cuya designación se ha librado certificado legal, deseare retirar su nombre de la "papeleta" de candidatura, presentará su renuncia por escrito en la Oficina del Secretario de Puerto Rico para que se archive, dentro de los tres dias siguientes á haberse archivado el referido certificado de su designación; y cualquier renuncia que se presente á ser archivada después del tiempo fijado en este artículo será desestimada: *Disponiéndose,* que no se archivará ninguna renuncia por el Secretario de Puerto Rico, ni será por él recibida, dentro de los veinte dias que inmediatamente precedan á una elección".

Ante precepto tan terminante de la Ley Electoral, que por los términos claros y absolutos en que aparece redactado no necesita interpretación alguna, es claro que Don Luis

Muñoz Rivera tenia indiscutible derecho á presentar por escrito su renuncia de candidato á Comisionado de Puerto Rico en Washington, dentro de los tres días siguientes á haberse archivado el certificado de su designación para tal cargo; y como ese certificado fué archivado, según manifestación jurada del demandante, en 21 de Setiembre próximo pasado, es claro, como la luz meridiana, que al presentar la renuncia el dia ocho de Octubre siguiente, habia caducado el derecho que ejercitaba, por el transcurso del término perentorio señalado al efecto, con tanta mayor razón cuanto que esa misma ley, para no dar lugar á duda alguna y alejar todo pretexto de vacilación, establece qué cualquier renuncia presentada después del tiempo fijado debe ser desestimada.

No cabe arguir que Don Luis Muñoz Rivera tuviera ya conocimiento al salir de New York de la designación hecha á su favor por el partido Demócrata, y que solo á su llegada á Puerto Rico supiera que esa designación se habia hecho ante el Hon. Secretario de Puerto Rico, pues él mismo afirma en su demanda que vino á esta Isla "con el propósito de hallarse en condiciones de pedir en la forma que la ley previene su exclusión de la candidatura", lo cual revela muy á las claras que al embarcarse en New York sabia que su candidatura para Comisionado de.Puerto Rico en Washington habia sido presentada en la Oficina del Secretario de Puerto Rico, pues para manifestar al Partido Demócrata su inconformidad con la designación, no necesitaba colocarse en condiciones de hacerlo en la forma que la ley previene, la cual solo establece formalidades para la renuncia cuando la designación ha sido presentada al Secretario de Puerto Rico.

Don Luis Muñoz Rivera, sin necesidad de salir de New York, pudo comparecer allí ante un Notario ó cualquier otro funcionario autorizado para tomar juramentos y hacer constar su voluntad de renunciar; pudo también comunicar su renuncia por el cable al Secretario de Puerto Rico; y lo que

es todavia más sencillo y menos costoso, pudo enviar por correo al mencionado Secretario su renuncia escrita; y si hubiera procedido de alguno de esos modos, cabria entonces discutir si la renuncia así hecha podría producir ó no efectos legales; pero como nada hizo en el sentido expuesto, y ni siquiera presentó la renuncia al Secretario de Puerto Rico á penas llegó á esta Isla, no hay principio alguno de prueba que conduzca á presumir que trató de colocarse, en lo posible, al amparo de la Ley, para que pudiera estimarse que, en cuanto estaba á su alcance, trató de presentar su renuncia en término legal, y que si no lo hizo así, fué por imposibilidad material de verificarlo.

La resolución de la Corte de Distrito está, por cuanto se deja expuesto, ajustada á derecho, y debe por lo tanto confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.